# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

SAMANTHA D. LLOYD,

   Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security Operations,

   Defendant.

CASE NO. 3:17-cv-05815-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

  Plaintiff Samantha D. Lloyd filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

  After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide clear, and convincing reasons supported by substantial evidence for discrediting Plaintiff's subjective symptom testimony. Had the ALJ properly considered Plaintiff's subjective symptom testimony, he may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert. As the ultimate disability

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

determination may have changed, the ALJ's error is not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

In October 2014, Plaintiff filed applications for SSI and disability insurance benefits ("DIB"), alleging disability as of July 21, 2005. *See* Dkt. 11, Administrative Record ("AR") 199-209. Plaintiff later amended her alleged onset date to October 27, 2014, and voluntarily dismissed her DIB claim. AR 21, 36-37, 210-211. The application was denied upon initial administrative review and on reconsideration. *See* AR 76-97, 110-121. A hearing was held before ALJ Gary Elliott on April 13, 2016. *See* AR 34-73. In a decision dated May 12, 2016, the ALJ determined Plaintiff to be not disabled. *See* AR 18-33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly evaluating Plaintiff's subjective symptom testimony; (2) improperly evaluating the lay evidence; (3) improperly evaluating the medical evidence; and (4) improperly evaluating the step five findings and Plaintiff's residual functional capacity ("RFC"). Dkt. 15 at 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.    Whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ erred by failing to provide specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported. Dkt. 9. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where the determination is based on contradictory or ambiguous evidence. *Id.* at 579.

Plaintiff testified she cannot work due to her fibromyalgia, which limits her ability to use her hands, bend, lift, and sit and stand for long periods of time. AR 42-43. Plaintiff testified she can only use her hands for 20 to 30 minutes at a time, then they start to go numb and lock up, and she has to wait half an hour before using them again. AR 43, 50. Plaintiff testified she can stand for 15 to 20 minutes and sit for 30 minutes at a time. AR 42. Plaintiff testified she can walk occasionally. AR 42. Plaintiff testified she can lift five to ten pounds frequently, and has trouble lifting over 30 pounds. AR 42-43, 58. Plaintiff testified she attempts to do most household chores, including cleaning the bathroom, cooking simple meals, and doing the dishes, but if she

can't do a chore one day, she "hope[s] that [she'll] be able to do it the next [day]." AR 53. Plaintiff testified she can start a load of laundry by putting it in the washer, but her husband has to help her move the laundry to the dryer because bending over exacerbates her back pain. AR 53-54. Plaintiff has two children, ages and four and nine at the time of the hearing. AR 53-54. Plaintiff testified if she drops something such as a utensil in the kitchen, one of the children picks it up. AR 53-54. Plaintiff testified she has difficulty grasping and gripping the steering wheel while driving can be difficult. AR. 57-58.

Plaintiff testified she doesn't take naps during the day, but she tries to lie down to relax her muscles for about half an hour. AR 53. Plaintiff testified her hand and back pain are at a constant level of 6 to 7 all day. AR. 52 (On a scale of one to ten, one being "really nothing" and ten being "almost like going to the ER[.]"). Plaintiff testified she has anxiety and depression caused by her fibromyalgia and chronic illness. AR 59.

The ALJ found Plaintiff's allegations were not fully supported because they are inconsistent with the medical evidence and other evidence in the record. AR. 27. Specifically, the ALJ found: (1) Plaintiff's testimony is inconsistent with her daily activities; (2) Plaintiff was able to work in 2006, 2007, and 2009; (3) Plaintiff sought minimal treatment;[1] and (4) Plaintiff's testimony is inconsistent the objective medical evidence. AR 25-27. Defendant only contends two of these reasons are clear and convincing and supported by the record, arguing Plaintiff's part-time

---

[1] The ALJ also references Plaintiff's weight gain. AR 25. However, the ALJ fails to offer an adequate explanation as to how this evidence fails to support Plaintiff's allegations. Therefore, the Court concludes the ALJ's reference to Plaintiff's weight gain is not a clear and convincing reason for discounting Plaintiff's subjective symptom testimony. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

work history and her daily activities, including caring for young children and earning an online degree, are inconsistent with her allegedly disabling limitations. Dkt. 16 at 4.

First, the ALJ determined Plaintiff's activities of daily living illustrate Plaintiff "seems to function well in spite of her impairments." AR 26. The Ninth Circuit has recognized two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether the activities contradict the claimant's other testimony and (2) whether the activities of daily living meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Although the ALJ's reasoning is not entirely clear, it appears the ALJ found Plaintiff's activities contradict her other testimony.[2] AR 26. The ALJ concluded Plaintiff's ability to be pregnant twice, care for two children, earn an associate's degrees show Plaintiff "function[s] quite well in spite of her impairments." AR 26. The ALJ also noted Plaintiff testified she has problems bending over and lifting more than 30 pounds, which is inconsistent with her ability to care for a four-year-old and do laundry. AR 26. The ALJ referenced Plaintiff's testimony her hands lock up after 20 minutes of work, finding it was inconsistent with taking online classes, cooking and cleaning. AR 26. The ALJ also noted Plaintiff alleged Lyrica occasionally affects her memory, but "it must not be that severe as she was able to take college classes and care for both children and a home." AR 26.

However, the record does not support these conclusions. With respect to caring for her children, the record reflects Plaintiff's oldest child is in school full-time, and her youngest child

---

[2] Plaintiff's limited activities of daily living also do not show Plaintiff meets the threshold for transferable work skills. *See Smolen*, 80 F.3d at 1287 n. 7; *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

is in school four hours per day. AR 55. Aside from this information, the record contains few details about Plaintiff's specific childcare activities, and when the facts are interpreted in a reasonable way, nothing in the record negates Plaintiff's claimed limitations from fibromyalgia. "Absent specific details" on Plaintiff's childcare activities, the ALJ improperly relied on them to reject Plaintiff's testimony. *See Trevizo*, 871 F.3d at 676.

The Court also concludes these statements are not facially inconsistent. For example, Plaintiff did not testify she can *never* bend or lift, and there is no evidence in the record Plaintiff frequently lifted her four-year-old child or laundry weighed more than 30 pounds. There is also no evidence in the record demonstrating Plaintiff's online coursework, cooking, and cleaning required her to use her hands for more than 20 minutes at a time. Moreover, it is not clear how Plaintiff's ability to take college classes and care for children and a home is materially inconsistent with a foggy memory. In fact, the evidence reflects it took Plaintiff four years to finish her associate's degree, which could be consistent with her testimony her memory affects her ability to start and finish a task. While Plaintiff testified she cooks simple meals and does the dishes, she also testified her husband helps with the laundry and she relies on her children to help when she drops items around the house. AR 53-54. Plaintiff testified she *attempts* to do most household chores, but if she can't do it one day, she will try again the next day. AR 53. She testified she rests and takes breaks during the day, AR 40-41, 53-54, and can only stand for 15 to 20 minutes at a time and sit for 30 minutes at a time. AR 42. To the extent the ALJ relied on evidence Plaintiff walks with her children twice per week and she rests for a half an hour during the day, the ALJ does not explain how this evidence is either contrary to Plaintiff's testimony, or is transferable to work skills. *See* AR 26.

Thus, the evidence fails to reveal Plaintiff spends a substantial part of her day performing

any of these activities or the level at which she performed them is inconsistent with her other testimony. Therefore, the ALJ's finding Plaintiff's daily activities show she is capable of performing light work with additional limitations is not a clear and convincing reason to discount Plaintiff's subjective symptom testimony. *See Reddick*, 157 F.3d at 722 (recognizing "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations").

Next, the ALJ found Plaintiff's ability to work in 2006, 2007, and 2009 suggests her fibromyalgia diagnosis in 2005 did not prevent her from working. AR 26. Performance of job duties on a part-time basis, while not sufficient to establish the capacity to work full time, can constitute a legitimate reason for discounting a claimant's assertion of disability. *See, e.g., Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Martin v. Colvin*, 2014 WL 2772551, at *13 (D. Or. June 18, 2014). However, here, the Plaintiff testified her fibromyalgia symptoms progressively worsened in 2014, and Plaintiff has not worked since her amended alleged onset date of October 2014. AR 41, 43. Plaintiff further testified her most recent position as a daycare teacher in 2009 ended, in part, because the job was too physically challenging for her. AR 45. Accordingly, any purported inconsistency between Plaintiff's part-time work history and her subjective symptom testimony does not satisfy the requirement of a clear and convincing reason supported by substantial evidence.

Next, the ALJ discounted Plaintiff's allegations regarding the severity of her symptoms because she does not take a migraine specific medication. AR 25-26. In his discussion of the objective medical evidence, the ALJ also noted Plaintiff only sought minimal treatment "overall". AR 26. Notably, defendant does argue this is a clear and convincing reason to reject Plaintiff's testimony. Dkt. 15. An ALJ may consider "evidence of 'conservative treatment'" in assessing a

claimant's subjective symptom testimony. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

With respect to plaintiff's migraines/headaches, the ALJ found Plaintiff's migraine headaches to be a severe impairment at step two, AR 23. However, Plaintiff did not testify her migraines/headaches are the reason she is unable to work, and she does not allege her headaches/migraines are caused by her fibromyalgia or her fibromyalgia contributes to her headaches/migraines. AR 42-43, 53-54, 245 (disability report), 253 (same). Thus, whether Plaintiff takes a migraine specific medication is not relevant to the ALJ's assessment of Plaintiff's subjective symptom testimony she is unable to work because of her fibromyalgia.[3]

With respect to the level of Plaintiff's fibromyalgia treatment, it is not entirely clear if the ALJ relied on this as an independent reason for discounting Plaintiff's testimony, or if the ALJ is referring to an inconsistency with the objective evidence as a whole. *See* AR 26 (noting "minimal treatment overall for allegedly disabling symptoms"). Nevertheless, the Court concludes this finding is not a clear and convincing reason to reject Plaintiff's testimony. First, although the ALJ outlines Plaintiff's treatment record, he fails to identify any evidence which shows Plaintiff only sought minimal treatment and also fails to explain why such treatment is "minimal". *See* AR 26-27. As the ALJ failed to specify the evidence which is inconsistent with Plaintiff's testimony, this finding is conclusory. Moreover, upon review of the record, the Court finds the ALJ's reasoning is not supported by substantial evidence. From October 2014 to September 2015, Plaintiff sought the treatment of several physicians, including rheumatologist Dr. James J. Nakashima, M.D., and was seen repeatedly for her chronic pain and fibromyalgia.

---

[3] The Court notes Plaintiff was prescribed Imitrex to treat her migraines in 2013, but Plaintiff did not testify she was currently taking this medication. AR 343.

AR 427, 428, 436, 462, 472, 475, 477. In the most recent treatment note with Dr. Nakashima from September 2015, he noted there was "not much else to offer for fibromyalgia." AR 477. Dr. Nakashima recommended Plaintiff return in four to six months or earlier if needed. AR. 477. Thus, the record reflects Plaintiff was receiving, and compliant with, the fibromyalgia treatment which was available to her. On this record, Plaintiff's course of treatment is not a proper basis for rejecting her subjective symptom testimony.

Lastly, the ALJ found Plaintiff's "allegations are out of proportion with the objective evidence." *See* AR 26-27. Determining a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter*, 166 F.3d at 1297; *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However, an ALJ "may not disregard [a claimant's credibility] solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Security Administration*, 466 F.3d 880, 883 (9th Cir. 2006); *see Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995).

The ALJ provided four reasons for discounting Plaintiff's statements. AR 25-27. The Court has determined the ALJ's the first three reasons for discounting Plaintiff's subjective symptom testimony are improper. The only remaining reason for discounting Plaintiff's complaints is because the complaints are inconsistent with the objective evidence. *See* AR 25-27. As this is the sole remaining reason and as a claimant's testimony may not be rejected solely on the basis of inconsistencies with the objective evidence, the Court need not determine if the fourth reason is proper. The Court finds the ALJ has not provided legally sufficient reasons for discounting Plaintiff's subjective symptom testimony. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Plaintiff testified to greater limitations than the limitations included in the RFC determination. For example, Plaintiff testified she can only use her hands for 20 to 30 minutes at a time, then they start to go numb and lock up, and she has to wait half an hour before using them again. AR 43, 50. Plaintiff testified she can only stand for 15 to 20 minutes and sit for 30 minutes at a time. AR 42. Plaintiff also stated her impairments limit her ability to kneel, climb stairs, balance, complete tasks, and remember. AR 42-43. In contrast, the RFC found Plaintiff could perform light work, including sitting and standing for six hours in an eight hour day. AR 25. The ALJ found Plaintiff could perform all postural movements without limit, except no climbing of ladders, ropes, or scaffolds, and limited Plaintiff to frequent, not constant, handling and fingering bilaterally. AR 25. Had the ALJ properly considered Plaintiff's subjective symptom testimony, he may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

**II.     Whether the ALJ erred in evaluating the lay evidence.**

Plaintiff contends the ALJ erred in evaluating the lay evidence. Dkt. 15 at 16-17. As previously stated, the Court concludes the ALJ committed harmful error in assessing Plaintiff's subjective symptom testimony. *See* Section I, *supra*. Because the ALJ's reconsideration of Plaintiff's subjective symptom testimony may impact his assessment of the lay evidence, on remand, the ALJ must reconsider the lay evidence.

**III. Whether the ALJ erred in evaluating the medical evidence.**

Plaintiff contends the ALJ erred by failing to analyze Plaintiff's fibromyalgia symptoms pursuant to the criteria set forth in Social Security Regulation 12-2p. Dkt. 15 at 2-7. Plaintiff also alleges the ALJ erred in giving great weight to the opinions of the non-examining physicians. Dkt. 15 at 7. The ALJ's reconsideration of Plaintiff's subjective symptom testimony may impact his assessment of the medical evidence. SSR 12-12p at *6 (ruling warns that after a claimant has established a diagnosis of fibromyalgia, an analysis of her RFC should consider "a longitudinal record whenever possible[]"); *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) ("The condition is diagnosed 'entirely on the basis of the patients' reports of pain and other symptoms.…[T]here are no laboratory tests to confirm the diagnosis.' ") (quoting *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). Therefore, on remand, the ALJ must reconsider the medical evidence.

**IV. Whether the ALJ erred in evaluating the step five findings and Plaintiff's RFC.**

Plaintiff argues the ALJ erred in determining Plaintiff's RFC and the step five finding was not supported by substantial evidence. Dkt. 15 at 17-18. The Court already has concluded the ALJ erred in reviewing Plaintiff's subjective symptom testimony and this matter should be reversed and remanded for further consideration, *see supra*, section I. Therefore, the remainder

of the sequential disability evaluation process, including the RFC and step five, will need to be assessed anew.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.[4]

Dated this 16th day of July, 2018.

*David W. Christel*
David W. Christel
United States Magistrate Judge

---

[4] Plaintiff only argues the case should be remanded for further administrative proceedings. Dkt. 15 at 18. Therefore, the Court will not address whether the case should be remanded for an award of benefits.